## ZANTZINGER v. KETCH.

### Parol evidence.

**Parol evidence was admitted to explain the meaning of the words " the deed of conveyance " in articles of agreement, as meaning a deed conveying the land, free from all incumbrances.(a)**

THIS was an action of debt, on articles of agreement to pay 135l., in two instalments, for lands bought by the defendant from the plaintiff ; and in the articles it was stipulated, that " the deed of conveyance shall be made to the said Michael Ketch, at the first payment."

The defendant offered the parol testimony of a witness, who was present at the execution of the articles, to show that by the expression, " the deed of conveyance," the parties meant and understood, a " deed conveying the land, free of all incumbrances." *2 Ves. 299 ; *Hurst* v. *Fell*, in the supreme court of Pennsylvania. [*133

The evidence was opposed, as tending to contradict the deed, whose expressions were clear, and did not require explanation.

THE COURT, however, upon the authority of *Hurst* v. *Fell*, admitted the evidence, though with great reluctance ; and declaring that they would reserve the point. But as the verdict was for the full amount of the plaintiff's demand, the question was not revived.(b)

*C. Smith*, for the plaintiff. *Hamilton*, for the defendant.

---

(a) See on the admissibility of parol evidence, in variance of a written contract, Thomson v. White, 1 Dall. 424, and the notes; O'Hara v. Hall, 4 Id. 340; Christine v. Whitehill, 16 S. & R. 98; Hultz v. Wright, 16 Id. 345; Chess v. Chess, 1 P. & W. 32; Ingham v. Mason, Id. 389.

(b) This cause was tried at Carlisle *nisi prius*, on the 15th of May 1793, before SHIPPEN and BRADFORD, Justices.